# Attachment - Complaint

# STATE OF WASHINGTON SUPERIOR COURT
# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| NASREEN BHATTI, | NO. |
| Plaintiff, | |
| v. | COMPLAINT FOR DAMAGES AND OTHER RELIEF |
| FRED HUTCHINSON CANCERRESEARCH CENTER | |
| Defendant. | |

## I.   INTRODUCTION

1.1   Plaintiff makes claims here for loss of past and future earnings; wages, health and retirement benefits and other pecuniary advantages of employment; other employment opportunities; damages for loss of reputation, depression, anxiety, and other tangible

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 1

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

p. 7

emotional distress damages; attorneys' fees and costs; injunctive and other relief based on actions and omissions to act by agents of Defendant in violation of state and federal law.

## II. PARTIES

2.1 Plaintiff Nasreen Bhatti (hereinafter "Plaintiff") is a resident of Snohomish County, Washington, and a former employee of Defendant Fred Hutchinson Cancer Research Center (hereinafter "Defendant").

2.2 Defendant is a corporation located in King County in the State of Washington and is an employer within the meaning of Washington's Law Against Discrimination (hereinafter "WLAD") and the federal Fair Labor Standards Act (hereinafter "FLSA"), and Washington's Minimum Wage Act (hereinafter "WMA"), and a recipient of federal funding covered by the Rehabilitation Act of 1973.

2.3 All actions and /or omissions to act by the named or unknown individual agents of Defendant occurred in King County.

## III. JURISDICTION AND VENUE

3.1 Jurisdiction is vested in this court under provisions of RCW 2.08.010 and RCW 49.60.030.

3.2 Venue is appropriate in this court under the provisions of RCW 4.12.020.

## IV. FACTS GIVING RISE TO CLAIMS

4.1 Paragraphs 1.1 to 3.2 are realleged as if fully set forth herein.

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 2

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

4.2     Plaintiff, Nasreen Bhatti, is a Pakistani female with significant education, training, and work experience in the field of medical histology and pathology that she had acquired prior to the time she sought employment at Defendant.

4.3     Between August and October 2015, Plaintiff applied, interviewed, and was selected for a vacant non-exempt position as a Research Histology Technician II in Defendant's Experimental Histopathology Department.

4.4     Plaintiff's first day of work was October 12, 2015 and she reported to Julie Randolph-Habecker, the lab's manager. Ms. Randolph-Habecker assisted her, along with senior technologists Sunni Farley and Tracy Goodpaster, in orienting to the specific nature of the work. She was given positive feedback about her skills and progress.

4.5      Within a week of her start date, Plaintiff began to experience ridicule as well as hostile and degrading treatment from co-workers, specifically Sharon McLaughlin, Elizabeth Martine-Benitez, and Jones Son, including unwarranted complaints about the quality of her work in processing specimens. Ms. Randolph-Habecker informed her laboratory staff that she expected them to cooperate with one another and not to engage in "drama" during her upcoming sabbatical that began on or about October 28, 2015.

4.6     Soon after her departure, the same coworkers and particularly Ms. McLaughlin began rejecting a disproportionate number of Plaintiff's slides as not meeting quality control (QC) standards. After review of her work and comparison of her work with that of other technicians by Ms. Goodpaster, Plaintiff was informed that her work was satisfactory and not to recut any slides or redo any work.

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 3

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

4.7 Ms. Randolph-Habecker returned to her position on March 1, 2016 and continued to supervise Plaintiff's work. Upon her return, several of Plaintiff's coworkers informed her that the same three coworkers had continued to create a hostile and discriminatory work environment for Plaintiff. Upon information and belief, Ms. McLaughlin was specifically informed by Ms. Randolph-Habecker that her conduct towards Plaintiff was inappropriate and must cease immediately.

4.8 During her first year of employment, Plaintiff requested and obtained a footrest due to significant foot pain, and because her feet were unable to reach the floor. She also acquired on her own a magnifying glass for work with small specimens and a magnifying lamp was purchased by Ms. Goodpaster in approximately December 2015.

4.9 In Plaintiff's first annual evaluation, Ms. Randolph-Habecker indicated that her work performance was "superior" and further noted as follows:

> Nasreen has also faced some tough obstruction from some lab members. She has shown persistence and grace as she has worked in a difficult environment. Her choice to rise above and work on establishing positive work relationships during the corrective period is a testament to her character.

4.10 Ms. Randolph-Habecker left Defendant's employ in or about December 2016. On March 1, 2017, Savanh Chanthaphavong became Plaintiff's immediate supervisor.

4.11 On or about May 3, 2017, Plaintiff advised Ms. Chanthaphavong that she suffered from a number of medical conditions that impacted her ability to perform certain aspects of her job.

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 4

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

4.12     Plaintiff specifically informed her supervisor that she was facing the challenge of seeing small colorless specimens and had recently developed a vision problem that her doctor believed to be cataracts that could be corrected by surgery. She emphasized that it was currently affecting her ability to embed small specimens, and additionally that the use of the Cryostat machine for microscopic specimens was difficult although that machine was equipment that she was not always required to use daily.

4.13     Ms. Chanthaphavong referred Plaintiff to Danielle Brundage, Defendant's Leave and Accommodations Program Manager responsible for disability accommodation issues, but also informed other laboratory staff that if Plaintiff did not reach out to Human Resources staffers, she would be terminated.

4.14     Plaintiff met with Ms. Brundage on May 25, 2017 and informed her fully of her limitations. Between May 25 and late June 2017, Ms. Brundage solicited and received information from a number of Plaintiff's health care providers which informed her that Plaintiff had limitations in her ability to continuously stand due to plantar fasciitis, arthritis, and degenerative joint disease, and also had carpal tunnel syndrome. These providers indicated that Plaintiff needed specific accommodations due to these varied conditions and specifically due to her vision limitations, ligament inflammation, bone spurs and tendonitis, and osteoarthritis.

4.15     Without these accommodations, Plaintiff's medical conditions limited her ability to stand, sit, bend, and engage in other repetitive work for periods ranging from fifteen to thirty minutes at a time.

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 5

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

4.16   Plaintiff's vision impairment limited her ability to see small details and specimens without magnification and also affected her ability to use the Cryostat machine. The latter machine was not used by her on a daily basis. Early in her employment with Defendant, Plaintiff knew that one of her peers, Ms. McLaughlin, had been continuously accommodated for a shoulder injury for over twelve years by not being required to use the Cryostat machine. That continued during Plaintiff's employment until agents of Defendant learned from Plaintiff's peers that this accommodation was not being provided to Plaintiff on the same basis as to Ms. McLaughlin, and asked Ms. McLaughlin to provide medical support to justify this restriction, and she was unwilling or unable to do so..

4.17   In or about mid July 2017, after learning of Plaintiff's medical restrictions and accommodations, Ms. Chanthaphavong, as well as some of the same peers identified above, began criticizing aspects of Plaintiff's work performance and attempted to limit Plaintiff's communications with lead Ms. Goodpaster about various issues relevant to her job. //

4.18   On or about August 1, 2017, Plaintiff was informed by a medical provider that she likely had a permanent vision impairment that was not cataracts. Plaintiff provided additional information to Ms. Brundage regarding the limitations imposed by this condition, including the continuing restriction that she not work with specimens smaller than two millimeters. Plaintiff's requested accommodations were granted but there was an unintended error about the size of the specimens that she was authorized to work with.

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 6

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

4.19    On or about August 8, 2017, Plaintiff was injured by falling off a stool at work but continued to perform the essential functions of her job without taking leave despite significant pain and discomfort.

4.20    After learning of Plaintiff's needed accommodations, Ms. Chanthaphavong actively discouraged Plaintiff from maintaining her employment in the Histopathology Department and indicated that she should seek work in other departments. She insinuated that Plaintiff could not perform the essential functions of her job even with the provided accommodations.

4.21    Concerned about her supervisor's increasingly negative attitude and scrutiny of her work, beginning in August 2017 and continuing to the end of her employment with Defendant, Plaintiff actively sought assistance from Defendant's HR staffers in identifying internal positions and on her own initiative applied for numerous vacant positions in other Defendant laboratories in such areas for which she was qualified.

4.22    Beginning in September 2017, Plaintiff forwarded to Ms. Brundage information she had obtained regarding potential accommodations for her vision deficits.

4.23    To Plaintiff's knowledge, no action was taken in response to this information nor was Plaintiff treated differently than any other internal job applicant in her attempts to secure employment with Defendant outside of her own lab environment.

4.24    Concerned about her vision impairment and Ms. Chanthaphavong's demeanor towards her, Plaintiff sought a meeting with Ms. Brundage. On September 25, 2017, the scheduled meeting with Ms. Brundage was cancelled; instead, Plaintiff was informed by Ms. Brundage that she should continue to work with her immediate supervisor with the existing equipment as it had allowed her to perform the essential functions of her job.

4.25    On October 13, 2017, Plaintiff received a formal diagnosis of Retinal Macular Atrophy, with specific restrictions identified in writing by Caitlin Walsh, O.D. This information was

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 7

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

p. 13

forwarded by Plaintiff to Ms. Brundage, as well as to Ms. Chanthaphavong, on several occasions but Plaintiff is unaware of any specific actions taken in response to the accommodation needs disclosed therein including other forms of assistive technology beyond the magnifying glass that Plaintiff had purchased on her own.

4.26  After learning of this diagnosis, Plaintiff received no other assistive devices or had any other specific assistance from her supervisor or from Defendant's HR staff, including Ms. Brundage, in identifying other methods for accommodating her condition.

4.27  On or about January 3, 2018, Plaintiff learned that several of her peers had complained to Defendant's Human Resources Department about the work environment in Ms. Chanthaphavong's laboratory. Human Resources staffer Kara McDermott conducted interviews of laboratory staff to assess the complaints and work environment in the laboratory in January 2018.

4.28  On or about January 19, 2018, as part of those interviews, Plaintiff informed Ms. McDermott of the bullying, hostility, and discriminatory treatment she was receiving from Ms. McLaughlin and other coworkers as well as the inadequate response of Ms. Chanthaphavong to her accommodation needs and to her peers' behavior.

4.29  On her own initiative, in or about early 2018, Plaintiff contacted the Washington State Department of Services for the Blind (hereinafter "DSB"). In March 2018, its staff advised her and her supervisor and Defendant's accommodation staff that an employee from its Services for the Blind was willing to do an assessment of her work station and environment to identify assistive devices and other methods of accommodating her vision impairment.

COMPLAINT FOR
DAMAGES AND OTHER
RELIEF - 8

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

p. 14

4.30  Soon thereafter, Plaintiff learned from the DSB staff that Defendant had declined to do that assessment and to her knowledge never performed such an assessment or interviewed her about such accommodations.

4.31  Between early 2018 and late July 2018, Plaintiff and Ms. Brundage discussed and identified accommodations but Ms. Brundage still was mistaken about Plaintiff's limitations as to use of the Cryostat machine.

4.32  In or about mid-July and by late July 2018, Defendant received more information about Plaintiff's vision limitations as to use of the Cryostat machine and provided them to Ms. Brundage and/or other HR staffers.

4.33  In early August 2018, Ms. Brundage further indicated that Defendant had reached out to four organizations that serve individuals with disabilities and was advised that the provided accommodations "seemed reasonable."

4.34  Plaintiff continued to seek the involvement of DSB and/or its Assistive Technology staff and its staff advised Plaintiff on August 9, 2018 that it continued to be willing to perform an onsite assessment.

4.35  On August 27, 2018, Ms. Brundage advised Plaintiff that she had not been able to reach Tamas Gezcy of DSB but she had nevertheless concluded that Defendant had engaged in a "robust interactive and exploratory process." However, she was still unwilling e to remove the Cryostat machine from Plaintiff's work duties.

4.36  Plaintiff was never asked to participate in any assessment of assistive technology that would permit her to more effectively perform the essential functions of her job and is unaware

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 9

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

that any such assessment was ever performed by anyone employed by Defendant and/or on behalf of Defendant.

4.37 On August 30, 2018, Plaintiff concluded that Defendant's actions and inactions were not sufficiently effective to reasonably accommodate her vision limitations and provided a resignation letter with two weeks' notice to her supervisor.

### V. CAUSE OF ACTION NO. 1: DISABILITY DISCRIMINATION IN VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION

5.1 Paragraphs 1.1 to 4.37 are realleged as if fully set forth herein.

5.2 Plaintiff's medical conditions are disabilities within the meaning of RCW 49.60. and the Rehabilitation Act of 1973.

5.2 Despite its ongoing knowledge of the limitations imposed by Plaintiff's vision impairment and other disabilities and her need for reasonable accommodations, Defendant did not provide appropriate assistance to enable Plaintiff to maintain her position in the Experimental Histopathology Department and did not continue to adjust her accommodations to the degree required to reasonably accommodate her vision impairment.

5.3 After notice of her vision limitations, Defendant did not provide the degree of affirmative assistance to Plaintiff in identifying and placing her in positions other than her existing position in order to accommodate her disabilities.

5.4 Agents of Defendant and particularly her immediate supervisor, Ms. Chanthaphavong,

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 10

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

p. 16

tolerated the discriminatory conduct toward Plaintiff by her peers and also contributed to and participated in the hostile work environment characterized by unwelcome conduct directed at Plaintiff due to her disabilities.

5.5    The unwelcome conduct directed at Plaintiff was sufficient, severe, and/or pervasive as to affect the terms and conditions of Plaintiff's employment.

5.6    The hostile work environment and failure to reasonably accommodate Plaintiff's disabilities were a proximate cause for plaintiff leaving her position with Defendant on or about September 14, 2018.

## VI.    CAUSE OF ACTION NO. 2:  DISABILITY DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT OF 1973

6.1    Paragraphs 1.1 to 5.6 are realleged as if fully set forth herein.

6.2    As a recipient of federal funding, Defendant is subject to the requirements of Executive Order #11246 which mandates that it develop an affirmative action plan and detailed equal employment opportunities to increase the representation of people with disabilities and to reasonably accommodate employees with disabilities as required by the Rehabilitation Act of 1973.

6.3    Defendant's conduct, actions, and omissions to act in regard to Plaintiff's disability violated Section 504 of the Rehabilitation Act of 1973.

## VII.    CAUSE OF ACTION NO. 3:  DISCRIMINATION DUE TO RACE AND/OR NATIONAL ORIGIN IN VIOLATION OF THE WASHIGNTON LAW AGAINST DISCRIMINATION

7.1    Paragraphs 1.1 to 6.3 are realleged as if fully set forth herein.

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 11

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

p. 17

7.2   The unwelcome conduct directed at Plaintiff by her immediate supervisor and coworkers include comments about her speech, her performance and created a hostile work environment that was substantially motivated by Plaintiff's race and/or national origin in addition to her disabilities.

7.3   Another, Caucasian and American-born, Histology Technician was not required to perform work on the Cryostat machine for over twelve years without any medical documentation and without any threat to her position, or corrective or disciplinary action by Defendant, actions that were only changed after several of Plaintiff's coworkers indicated that Plaintiff was experiencing discrimination in the terms and conditions of her employment and advised Human Resources staff of Defendant of this practice.

7.4   Defendant's actions and omissions to act towards Plaintiff violated the Washington Law Against Discrimination at RCW 49.60.030 and RCW 49.60.180.

**VIII.   CAUSE OF ACTION NO. 4:  DISCRIMIANTION DUE TO RACE AND/OR ANCESTRY IN VIOLATION OF 42 USC § 1981**

8.1   Paragraphs 1.1 to 7.4 are realleged as if fully set forth herein.

8.2   Defendant's hostile work environment and disparate treatment of Plaintiff compared to similarly situated, American-born, employees regarding use of the Cryostat machine and other performance standards violates 42 U.S.C. § 1981.

**IX.   CAUSE OF ACTION NO. 5:  NEGLIGENT SUPERVISION, RETENTION, AND INFLICTION OF EMOTIONAL DISTRESS**

9.1   Paragraphs 1. 1 to 8.2 are realleged as if fully set forth herein.

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 12

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

p. 18

9.2. Defendant had a duty to provide Plaintiff with a safe workplace free of employment discrimination based on disability, race, and/or national origin.

9.3 Defendant breached this duty by permitting Plaintiff to be supervised by an individual known by Defendant to have engaged in inappropriate conduct towards Plaintiff.

9.4 Defendant's actions and inactions caused Plaintiff significant emotional distress.

### X. CAUSE OF ACTION NO. 6: VIOLATION OF THE WASHIGTON MINIMUM WAGE ACT, RCW 49.46 *ET SEQ.*

10.1 Paragraphs 1.1 through 9.4 are realleged as if fully set forth herein.

10.2 Plaintiff's position as Histology Technician was not exempt from the overtime compensation provisions of RCW 49.46.130

10.3 From 2017 until her separation from employment, agents of Defendant suffered and permitted Plaintiff to work hours in excess of her normally scheduled work day and in excess of 40 hours weekly without providing her compensation at 1.5 times her regular rate in an amount to be proven at trial.

10.4 From 2017 until her separation from employment, agents of Defendant were aware that Plaintiff was unable to take regularly scheduled meal and rest periods at times during her work day.

10.5 From 2017 until her separation from employment, as a result of its failure to pay Plaintiff her earned overtime compensation and full wages, and by permitting her to work without meal and rest periods, Defendant willfully withheld wages from Plaintiff.

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 13

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

p. 19

10.6 From 2017 until her separation from employment, Defendant's failure to compensate Plaintiff for her full hours of work violated both RCW 49.46.130 and RCW 49.52.070.

## XI. CAUSE OF ACTION NO. 7: VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

11.1 Paragraphs 1.1 to 10.6 are realleged as if set forth fully herein.

11.2 Through its knowledge that Plaintiff was working in excess of forty hours weekly in her non-exempt position and failing to take scheduled meal and rest breaks, Defendant violated the federal Fair Labor Standards Act.

## XII. DAMAGES

12.1 Paragraphs 1.1 to 11.2 are realleged as if fully set forth herein.

12.2 As a direct and proximate cause of the conduct of Defendant and violations of law identified herein, Plaintiff has suffered and will continue to suffer damages for pecuniary and other economic losses and other special and consequential damages all in amounts to be proved at trial.

12.3 As a direct and proximate cause of the conduct of Defendant and violations of law identified herein, Plaintiff has suffered and will continue to suffer damages for intangible losses and other special and consequential damages all in amounts to be proved at trial.

12.4 As a direct and proximate cause of the conduct and violations of law identified in each of Plaintiff's stated causes of action, Plaintiff has suffered and continues to suffer pecuniary losses, including loss of wages, health and welfare benefits, and other economic advantages of employment, in an amount to be determined at trial.

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 14

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

12.5 As a direct and proximate cause of the conduct and identified violations of law identified in Plaintiff's stated causes of action, Plaintiff has suffered and continues to suffer general damages, including but not limited to emotional distress, humiliation, mental anguish, pain and suffering, and embarrassment, each in an amount to be proved at trial.

12.6 As a direct and proximate cause of the conduct and violations of law identified in each of Plaintiff's stated causes of action, Plaintiff has suffered and continues to suffer special damages in the form of job search, retraining, medical and other out of pocket expenses and losses, each in an amount to be proved at trial.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the court issue judgment in her favor and order the following relief:

1. Preliminary and permanent injunctive relief including an order that Defendant be restrained from further acts of employment discrimination and/or retaliation directed at Plaintiff;

2. Preliminary and permanent injunctive relief ordering the removal of all derogatory information contained in any records of Defendant that might affect future employment opportunities;

3. An order that Defendant is liable to Plaintiff for pecuniary losses incurred by her and projected to be incurred by her, including but not limited to loss of earnings, front and back pay, health and welfare benefits, retirement and pension benefits, deferred compensation and any other pecuniary advantage of

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 15

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

p. 21

employment, the loss of which was directly or proximately caused by Defendant's actions or omissions to act, each in an amount to be established at trial;

4. An order that Defendant is liable to Plaintiff for all tangible and intangible damages, directly or proximately caused by Defendant's unlawful conduct, including but not limited to emotional distress, humiliation, mental anguish, pain and suffering, and embarrassment, loss of self-esteem, and reputational harm, each in an amount to be proved at trial;

5. An order that Defendant is liable to Plaintiff for her special damages, including retraining, job search and other out of pocket expenses, and other liquidated sums for pecuniary losses proximately caused by Defendant's unlawful conduct in an amount to be proven at trial;

6. An order that Defendant is liable to Plaintiff for punitive damages for its reckless disregard of her civil rights as authorized by 42 USC §1981;

7. An order for Defendant to make Plaintiff whole by awarding prejudgment interest on the liquidated portion of Plaintiff's damages, post-judgment interest, and other equitable relief by Defendant as authorized by RCW 49.60.030 and federal law including 42 USC §1981;

8. An order that Defendant is liable for exemplary damages of double the amount of her unpaid wages willfully withheld from her in violation of RCW 49.52.070;

COMPLAINT FOR
DAMAGES AND OTHER
RELIEF - 16

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

p. 22

9. An order to compensate Plaintiff for her reasonable litigation costs and expert witness and attorneys' fees incurred in prosecuting this matter, as authorized by state and federal law; and,

10. Grant such other relief as the court deems just and appropriate.

Dated this 25th day of November, 2020.

*s/ Patricia S. Rose*
Patricia S. Rose, WSBA #19046
Attorney for Plaintiff
PO Box 31892
Seattle, Washington 98103
(206) 622-8964 (voice); (206) 694-2695 (fax)
patty@pattyroselaw.com

COMPLAINT FOR DAMAGES AND OTHER RELIEF - 17

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

# VERIFICATION

I, NASREEEN BHATTI, am over eighteen years of age and am competent to testify to the matters herein.

I am the Plaintiff in this Complaint for Damages and Other Relief.

I have reviewed the allegations asserted in this Complaint for Damages and believe each of them to be true to the best of my knowledge and belief.

Dated this 25 day of November, 2020

_____
NASREEN BHATTI

COMPLAINT FOR
DAMAGES AND OTHER
RELIEF - 18

PATRICIA S. ROSE, WSBA #19046
EMPLOYMENT LAWYER
PO BOX 31892
SEATTLE, WA 98103
206 622-8964
patty@pattyroselaw.com

p. 24